Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IV

| RORY D. CRAWFORD<br><br>Recurrida<br><br>v.<br><br>AIDA LIZ SOTO, CARLOS OSORIO DBA ENGINEERED DOORS WINDOWS AND MORE<br><br>Recurrente | TA2025RA00338 | *Revisión* procedente del Departamento de Asuntos del Consumidor<br><br>Querella Núm.: SAN-2025-0020674<br><br>Sobre: Contrato de obras y servicios |
|---|---|---|

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Martínez Cordero.

*Martínez Cordero, jueza ponente*

### SENTENCIA

En San Juan, Puerto Rico, a 13 de noviembre de 2025.

Comparece Aida Soto h/n/c Engineered Doors Windows & More< Aida Liz Soto, Carlos Osorio d/b/a Engineered Doors Windows & More mediante un recurso de revisión para solicitarnos la revisión de la *Resolución* emitida el 28 de agosto de 2025, y notificada el 2 de septiembre de 2025, por el Departamento de Asuntos del Consumidor (DACo).[1]

Por los fundamentos que expondremos, se *desestima* el recurso por falta de jurisdicción.

I

En el recurso ante nuestra consideración, el 28 de agosto de 2025, el DACo emitió una *Resolución,* notificada el 2 de septiembre de 2025,[2] mediante la cual ordenó a la parte recurrente a pagar la suma de treinta mil seiscientos treinta y cuatro dólares con siete centavos ($30,634.07) a la parte recurrida del título, la cual

---

[1] Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC TA), a la Entrada Núm. 5.
[2] SUMAC TA, a la Entrada Núm. 5.

devengaría el interés legal correspondiente, en caso de incumplir con el pago en el término provisto de treinta (30) días.

En desacuerdo con lo resuelto, el 23 de septiembre de 2025, la parte recurrente presentó una solicitud de reconsideración.[3] En su escrito, admitió no haber interpuesto la antedicha solicitud a tiempo por motivos de salud del representante legal. Alegó que su situación constituía una justa causa para su incumplimiento y solicitó que se reconsiderara la Resolución objeto de revisión.

Conforme se desprende de los autos ante nuestra consideración, el DACo no atendió el petitorio, por ende, la solicitud de reconsideración fue rechazada de plano. Así las cosas, el 6 de noviembre de 2025, la parte recurrente presentó ante nos un recurso de revisión judicial.

Mediante *Resolución* emitida el 10 de noviembre de 2025, concedimos a la parte recurrente hasta el 12 de noviembre de 2025, para remitirnos ciertos documentos con la finalidad de auscultar nuestra propia jurisdicción para entender en el presente recurso. De ahí, el 10 de noviembre de 2025, la parte recurrente presentó una *Moción en cumplimiento de orden,*[4] a la cual adjuntó la *Resolución* recurrida junto al sobre donde le fue remitida por correo postal,[5] así como copia de la solicitud de reconsideración interpuesta ante el DACo.[6]

Conforme a la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones,[7] este Tribunal tiene "la facultad para prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente despacho [...]". En

---

[3] SUMAC TA, a la Entrada Núm. 6
[4] *Íd.,* a la Entrada Núm. 4
[5] *Íd.,* a la Entrada Núm. 5.
[6] *Íd.,* a la Entrada Núm. 6.
[7] *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR __ (2025).

consideración a lo anterior, eximimos a la parte recurrida de presentar escrito en oposición al recurso de *Certiorari* ante nos.

II

**A. Términos para acudir en revisión judicial**

El Tribunal Supremo de Puerto Rico ha sostenido que el derecho a cuestionar la determinación de una agencia mediante revisión judicial es parte del debido proceso de ley protegido por la Constitución de Puerto Rico.[8] A tenor, el Artículo 4.006 (c) de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico otorga competencia apelativa al Tribunal de Apelaciones para revisar las decisiones, órdenes y resoluciones finales de las agencias administrativas.[9] Dicha revisión tiene como fin asegurar que las agencias ejerzan sus funciones de forma razonable y conforme la ley.[10]

No obstante, lo anterior, para que el tribunal apelativo pueda ejercer su facultad revisora, la parte peticionaria debe presentar su recurso de revisión judicial en el término jurisdiccional de treinta (30) días, conforme dispone la Sección 4.2 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (en adelante, LPAUG).[11] La referida sección provee que este plazo comienza a partir de la fecha en que se archive en autos la notificación de la resolución, o desde la fecha en que se interrumpa ese término mediante la oportuna presentación de una moción de reconsideración.[12] Por otra parte, la aludida Sección 4.2 aclara que, si la fecha de archivo en autos de copia de la notificación de la orden o resolución final de la agencia es distinta a la del depósito en el

---

[8] *Asoc. Condómines v. Meadows Dev.*, 190 DPR 843, 847 (2014); *Picorelli López v. Depto. de Hacienda,* 179 DPR 720, 736 (2010).
[9] Ley Núm. 201-2003, 4 LPRA sec. 24y(c); *Asoc. Condómines v. Meadows Dev.*, supra, a la pág. 847.
[10] *Empresas Ferrer v. A.R.Pe.*, 172 DPR 254, 264 (2007).
[11] Sección 4.2 de la Ley Núm. 38-2017, 3 LPRA sec. 9672.
[12] *Íd.*

correo de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo.[13]

Precisa señalar que una parte adversamente afectada por una resolución u orden parcial o final de una agencia puede optar por solicitarle a la agencia que reconsidere su determinación, previo a acudir en revisión judicial.[14] La parte promovente tendrá veinte (20) días, desde la fecha de archivo en autos de la notificación de la resolución u orden, para presentar una moción de reconsideración.[15] De ahí, la agencia contará con quince (15) días para considerar la antedicha solicitud. Sin embargo, si la agencia rechaza acoger la reconsideración o no actúa dentro de los referidos quince (15) días, el término para solicitar revisión judicial comenzará a transcurrir nuevamente.[16] Entiéndase que el término de treinta (30) días para acudir ante el Tribunal de Apelaciones comenzará a transcurrir desde que se notifique el escrito mediante el cual se rechace acoger la reconsideración, o desde que expire el aludido término de quince (15) días.

Ahora bien, si la agencia concernida determina acoger la solicitud de reconsideración, el término para solicitar revisión judicial se contará desde la fecha en que se archive en autos una copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción de reconsideración.[17]

Es harto conocido que, si un recurso de revisión judicial se presenta en el Tribunal de Apelaciones luego de los términos antes reseñados, este foro carecerá de autoridad para acogerlo.[18]

---

[13] Sección 4.2 de la Ley Núm. 38-2017, *supra.*
[14] Sección 3.15 de la Ley Núm. 38-2017, *supra*; 3 LPRA sec. 9655.
[15] *Íd.*
[16] *Íd.*
[17] *Íd.*
[18] *Yumac Home v. Empresas Massó*, supra, a la pág. 107.

## B. La Falta de Jurisdicción por Presentación Tardía

La jurisdicción es el poder o la autoridad que posee un tribunal para resolver las controversias presentadas ante su consideración.[19] Los tribunales adquieren jurisdicción por virtud de ley, por lo que no pueden arrogársela, ni las partes pueden otorgársela.[20] Es norma reiterada en nuestro ordenamiento que "los tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen".[21] Igualmente, nuestro Tribunal Supremo ha sido constante en expresar que las cuestiones relativas a la jurisdicción constituyen materia privilegiada.[22] De manera que, deben ser resueltas con preferencia, pues, incide directamente sobre el poder que tiene un tribunal para adjudicar las controversias.[23] Por tal motivo, cuando un tribunal carece de jurisdicción, debe declararlo y desestimar la reclamación sin entrar en sus méritos.[24] De lo contrario, cualquier dictamen en los méritos será nulo y no podrá ejecutarse.[25] Es decir, una sentencia, dictada sin jurisdicción por un tribunal, es una sentencia nula en derecho y, por tanto, inexistente.[26]

Una de las instancias en que un tribunal carece de jurisdicción es cuando se presenta un recurso tardíamente. Un recurso de revisión tardío es aquel que se presenta fuera del término disponible para ello.[27] Consecuentemente, este recurso adolece del grave e insubsanable defecto de falta de jurisdicción.[28] De manera

---

[19] *R&B Power, Inc. v. Junta de Subasta ASG*, 213 DPR 685, 698 (2024); *AAA v. UIA*, 199 DPR 638, 651-652 (2018).

[20] *Ríos Martínez, Com. Alt. PNP v. CLE*, 196 DPR 289, 296 (2016).

[21] *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007).

[22] *R&B Power, Inc. v. Junta de Subasta ASG,* supra, a la pág. 698.

[23] *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 500 (2019); *Fuentes Bonilla v. ELA et al.,* 200 DPR 364, 372 (2018).

[24] *In re Aprob. Enmdas. Reglamento TA*, supra, págs. 109-110; *R&B Power, Inc. v. Junta de Subasta ASG,* supra, a la pág. 698.

[25] *Bco. Santander v. Correa García*, 196 DPR 452, 470 (2016); *Maldonado v. Junta Planificación*, 171 DPR 46, 55 (2007).

[26] *Montañez v. Policía de P.R.*, 150 DPR 917, 921-922 (2000).

[27] *Yumac Home v. Empresas Massó*, 194 DPR 96, 107 (2015).

[28] *Julia et al. v. Epifanio Vidal, S.E.,* 153 DPR 357, 366 (2001).

que, su presentación carece de eficacia y no produce ningún efecto jurídico, pues no hay autoridad judicial para acogerlo.

Como corolario de lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones,[29] confiere facultad a este Tribunal para a iniciativa propia, o a petición de parte, desestimar un recurso o denegar un auto discrecional cuando este foro carece de jurisdicción.

## III

Precisa iniciar esta parte expresando que, como cuestión de umbral, esta Curia tiene la ineludible tarea de examinar su jurisdicción para determinar si tiene facultad para entender en el recurso de revisión ante nos.

Sabido es que para que esta Curia pueda ejercer su facultad revisora, la parte recurrente debe presentar su recurso de revisión judicial en el término jurisdiccional de treinta (30) días, conforme dispone la Sección 4.2 de la LPAUG.[30] La referida sección provee que este plazo comienza a partir de la fecha en que se archive en autos la notificación de la resolución, o desde la fecha en que se interrumpa ese término mediante la oportuna presentación de una moción de reconsideración.[31]

En el caso ante nuestra consideración, el DACo emitió una *Resolución* el 28 de agosto de 2025, la cual notificó al día siguiente. No obstante, la parte recurrente nos acreditó que fue notificada posteriormente por correo postal. Bajo el crisol doctrinario, la LPAUG en su Sección 4.2 aclara que, si la fecha de archivo en autos de copia de la notificación de la orden o resolución final de la agencia es distinta a la del depósito en el correo de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo.[32]

---

[29] *In re Aprob. Enmdas. Reglamento TA*, supra, págs. 109-110.
[30] Sección 4.2 de la Ley Núm. 38-2017, *supra.*
[31] *Íd.*
[32] *Íd.*

Tal fue la situación en el caso de marras cuando le notificaron la *Resolución* a la parte recurrente el 2 de septiembre de 2025, por correo postal.

Por otro lado, conforme a nuestro ordenamiento jurídico, una parte adversamente afectada por una resolución u orden parcial o final de una agencia puede optar por solicitarle a la agencia que reconsidere su determinación, previo a acudir en revisión judicial.[33] Este fue el caso de autos, así que, la parte recurrente tenía veinte (20) días, desde la fecha de archivo en autos de la notificación de la resolución u orden, para presentar una moción de reconsideración.[34]  Es decir, el término para que la parte recurrente presentara su solicitud de reconsideración comenzó a decursar el **2 de septiembre de 2025**. A tenor, el término para presentar la moción de reconsideración vencía el **lunes, 22 de septiembre de 2025**. Empero, en el caso del título, la parte recurrente interpuso la referida solicitud el **martes, 23 de septiembre de 2025**.  Es decir, vencido el término.

Aun así, y aunque la parte recurrente en la solicitud de reconsideración presentada ante el DACo admite que la estaba presentando fuera de término, en el recurso ante nos aduce que la solicitud de reconsideración fue presentada en término y que la misma fue rechazada de plano. Al revisar la totalidad de los documentos en autos, es de ver que la parte recurrente presentó la solicitud de reconsideración el día número veintiuno (21). Por tanto, no le asiste la razón puesto a que es claro que la solicitud de reconsideración interpuesta fue presentada luego de superado el término provisto por nuestro marco jurídico para así hacerlo.

En este punto, es menester recordar que para que esta Curia pueda ejercer su facultad revisora, la parte recurrente debe

---

[33] Sección 3.15 de la Ley Núm. 38-2017, *supra.*
[34] *Íd.*

presentar su recurso de revisión judicial en el término jurisdiccional de treinta (30) días, conforme dispone la Sección 4.2 de la LPAUG.[35] La referida sección provee que este plazo comienza a partir de la fecha en que se archive en autos la notificación de la resolución, o desde la fecha en que se interrumpa ese término mediante la oportuna presentación de una moción de reconsideración.[36]

Así que, al tomar en consideración que la solicitud de reconsideración fue presentada tardíamente, el término para acudir ante este tribunal revisor comenzó a decursar a partir del **2 de septiembre de 2025**, fecha en la cual se le notificó a la parte recurrente la *Resolución* recurrida. Por lo tanto, la parte recurrente tenía hasta el **2 de octubre de 2025**, para presentar su recurso de revisión ante esta Curia. No obstante, el recurso de revisión fue presentado el **16 de noviembre de 2025**, es decir, expirado el término para así hacerlo.

Acentuamos que una de las instancias en que un tribunal carece de jurisdicción es cuando se presenta un recurso tardíamente. Un recurso de revisión tardío es aquel que se presenta fuera del término disponible para ello.[37] Consecuentemente, este recurso adolece del grave e insubsanable defecto de falta de jurisdicción.[38] Dado a lo anterior y aunque reconocemos que todos y todas podemos atravesar por situaciones de salud que impacten nuestro quehacer profesional, la presentación de un recurso tardío nos priva fatalmente de jurisdicción por lo que forzosamente debemos desestimar el recurso ante nos.

IV

Por los fundamentos que anteceden, se *desestima* el recurso por falta de jurisdicción.

---

[35] Sección 4.2 de la Ley Núm. 38-2017, 3 LPRA sec. 9672.
[36] *Íd.*
[37] *Yumac Home v. Empresas Massó,* 194 DPR 96, 107 (2015).
[38] *Julia et al. v. Epifanio Vidal, S.E.,* 153 DPR 357, 366 (2001).

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones